# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISON

| | |
|---|---|
| BRYAN SPARKS, | ) CASE NO. 5:26-cv-00892-BMB |
| | ) |
| | ) JUDGE BRIDGET MEEHAN BRENNAN |
| Plaintiff, | ) |
| | ) MAGISTRATE JUDGE |
| v. | ) REUBEN J. SHEPERD |
| | ) |
| SHELBIE SMITH, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Defendant. | ) |
| | ) |
| | ) |

On April 2, 2026, Petitioner Bryan Sparks ("Sparks"), pro se, filed a petition for writ of habeas corpus. (ECF Doc. 1). On April 21, 2026, the petition was referred to me pursuant to Local Civil Rule 72.2 for issuance of a report and recommended decision. (Non-document entry of Apr. 21, 2026). For the reasons that follow, I recommend that Sparks' petition be dismissed without prejudice pursuant to Rule 4 of the Rules Governing § 2254 Cases.

Rule 4 requires that a district court conduct a preliminary review for all Section 2254 cases before the case may proceed in federal habeas review. Habeas R. 4. That review is outlined as follows:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in this district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

1

*Id.* Only after the petition has passed this initial screening under Rule 4 will the case be permitted to proceed, and only thereafter will an initial order be issued requiring a respondent to respond. *Id.*; *see also* Habeas R. 5. This process "is a non-dispositive pre-trial matter within the initial decisional authority of a Magistrate Judge to whom a case has been referred." *Scott v. Shoop*, No. 3:19-CV-273, 2019 WL 5222953, at *1 (S.D. Ohio Sept. 20, 2019), *report and recommendation adopted sub nom. Scott v. Warden, Chillicothe Corr. Inst.*, No. 3:19-CV-273, 2019 WL 5209156 (S.D. Ohio Oct. 16, 2019).

The Rule 4 initial review process thus enables a district court to summarily dismiss a petition without reviewing the state court record if it determines the petition and any attached exhibits either fail to state a claim or are factually frivolous. *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). "This Court takes its obligation under Rule 4 seriously and frequently recommends dismissal of meritless habeas petitions at the Rule 4 stage." *Scott*, 2019 WL 5222953, at *1.

Reasons for dismissal may include whether a petition raises only error of state law, or where the petition is filed many years after the underlying conviction and the petitioner cannot demonstrate a miscarriage of justice or a colorable claim of innocence. *See Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); *see also Spalding v. Aiken,* 460 U.S. 1093, 1096 (1983) (Allowing for summary dismissal of delayed habeas petitions, stating "The privileges of the writ of habeas corpus are not unlimited. Rather, the doctrine of laches should apply to habeas actions as it applies to other actions for relief.").

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on habeas petitions by a person in custody pursuant to the judgment of a state court, which generally runs from the conclusion of direct review, unless tolled. 28 U.S.C.

§§ 2244(d)(1)(A),(d)(2). It may also run from the date on which the factual predicate of the claim could have been discovered through due diligence. *Id.* at § 2244(d)(1)(D).

Having reviewed Sparks' petition, it appears that his conviction became final on April 14, 2004 and his direct appeal concluded on May 4, 2005 when the Ninth District Court of Appeals affirmed in part and reversed in part his conviction and he did not later seek review. (ECF Doc. 1, pp. 1-2). Sparks provides that he was later resentenced on March 2, 2010. (*Id.* at p. 1). He states that he later filed a habeas appeal in state appellate court on November 18, 2024, based on evidence "recently discovered" in the trial transcripts. (*Id.* at p. 4). His conviction and sentencing occurred more than 15 years ago, well past the AEDPA one year statute of limitations, rendering a habeas petition untimely. And even if the AEDPA statute of limitations were to run from the November 2024 appeal under Section 2244(d)(1)(D), Sparks' own statements demonstrate that the factual predicate forming the basis of his claim is derived from the trial transcripts themselves. (ECF Doc. 1, p. 4). Moreover, the factual account that he provides as the reason for the present petition does not demonstrate a miscarriage of justice occurred or a colorable claim of innocence. Rather, with respect to miscarriage of justice, his account demonstrates that his original conviction and sentence was remanded in state court, and it took corrective action by resentencing him in 2010. (*Id.* at pp. 1-2). Furthermore, Sparks' claim of innocence is implausible. In brief, he states that the victim presented perjured testimony, and that his attorney and the prosecutor conspired against him to ensure his wrongful conviction. (*Id.* at pp. 5-7). On this basis, Sparks' habeas petition warrants a recommendation of dismissal under Rule 4.

I also note that Sparks does not present any specific grounds for relief and does not assert federal constitutional claims.[1] (*See generally* ECF Doc. 1). Instead, he raises error founded on

---

[1] I note that Sparks generally asserts that his appointed counsel was ineffective, possibly alluding to a potential Sixth Amendment claim. However, he presents the ineffectiveness of counsel as reason for failing to appeal, not as a

state law and sentencing. (*Id.*). Federal habeas corpus actions do not serve to correct these errors; they are available "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Therefore, having reviewed Sparks' petition, it "plainly appears" that Sparks is not entitled to relief and must be dismissed under Habeas Rule 4. I therefore recommend the District Court dismiss his petition without prejudice.

Dated: May 4, 2026

REUBEN J. SHEPERD
UNITED STATES MAGISTRATE JUDGE

**Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C. § 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entire report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific

---

standalone ground for relief, and would likely be procedurally defaulted for fair presentation reasons even if the petition were timely. (ECF Doc. 1, p. 4 (describing the grounds raised in state appellate court, none of which are ineffective assistance of counsel claims)).

4

concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) quoting *Howard*. The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).